**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Alex Leloup, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Southwest Credit Systems, L.P.; and DOES 1- | : **COMPLAINT** |
| 10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Alex Leloup, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA") and Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Alex Leloup ("Plaintiff"), is an adult individual residing in Chicopee, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Defendant Southwest Credit Systems, L.P. ("Southwest"), is a Texas business entity with an address of 4120 International Parkway #1100,Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Southwest and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Southwest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Comcast (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Southwest for collection, or Southwest was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Southwest Engages in Harassment and Abusive Tactics

12.      Within the last year, Southwest began placing calls to Plaintiff's cellular telephone, number 413-xxx-9021, in an attempt to collect the Debt.

13.      Southwest placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and predictive dialer.

14.     When Plaintiff answered calls from Southwest, he heard silence and had to wait on the line to be connected to the next available representative.

15.     Southwest represented to Plaintiff that it was the Creditor on the calls.  Southwest falsely stated to Plaintiff that the Debt was not yet in collections, but that if he did not pay it would be sent to collections and would damage Plaintiff's credit score.  However, the Debt had already been sent to Southwest in collections, and Southwest had no intention of reporting the Debt to Plaintiff's credit report.  Indeed, Plaintiff has not made payment on the debt yet Southwest has not reported to Plaintiff's credit report since making the threat to do so.

16.     Southwest did not send Plaintiff a collection letter within 5 days of its initial collection communication.

17.     In or around February 2016, Plaintiff spoke with Southwest and said he was unable to pay the Debt at that time and requested that it stop calling.

18.     Despite Plaintiff's request that Southwest cease calling, Southwest continued to place automated calls to Plaintiff, placing up to three calls per day, multiple days per week.

**C.  Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     Further, Plaintiff was distracted and inconvenienced by Defendants' continued collection calls which invaded his privacy.

## <u>COUNT I</u>
## <u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to communicate credit information without intending to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff written collection notice within five days of the initial communication.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L. c. 93A § 2, et seq.**

31.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

32.      The Defendants employed unfair or deceptive acts to collect the Debt, in

violation of M.G.L. c. 93A § 2.

33.     The Defendants initiated debt collection communications with Plaintiff in excess

of two such communications in each seven-day period, in violation of 940 CMR § 7.04(1)(f).

34.      Defendants' failure to comply with these provisions constitutes an unfair or

deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble

damages plus reasonable attorney's fees.

**COUNT III**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.**

35.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

36.     At all times mentioned herein and within the last year, Defendants called Plaintiff

on her cellular telephones using an ATDS or predictive dialer.

37.     In expanding on the prohibitions of the TCPA, the Federal Communications

Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

38.     Defendants' telephone systems have some earmarks of a Predictive Dialer.

39.     When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

40.     Defendants' Predictive Dialers have the capacity to store then dial telephone numbers without human intervention.

41.     Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

42.     The telephone number called by the Defendants was assigned to a serviced cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43.     Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

44.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 1, 2016

Respectfully submitted,

By    /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250

Facsimile:  (203) 653-3424
Attorneys for Plaintiff